UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22384-CIV-MOORE

**LEONARDO FRANQUI**,

       Petitioner,

vs.

**JULIE L. JONES**,
Secretary, Florida Department of Corrections,[1]

       Respondent.
_____/

## ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY

THIS CAUSE came before the Court upon Petitioner's Application for Certificate of Appealability (the "Application"). [DE 69]. Upon consideration of the Application, the Response from the State [DE 70], the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

*Background*

Leonardo Franqui is on Florida's death row at the Union Correctional Institution in Raiford, Florida, following his conviction for the first degree murder of Officer Steven Bauer in 1992.[2]

---

[1] During the course of these proceedings, Timothy H. Cannon was replaced as the Secretary of the Department of Corrections by Julie L. Jones, who is now the proper respondent in this proceeding. Jones should therefore "automatically" be substituted as a party under Federal Rules of Civil Procedure 25(d)(1). The Clerk of Court is directed to docket and change the designation of the Respondent.

[2] The factual history of the crime is detailed in *Franqui v. State*, 804 So.2d 1185 (Fla. 2001). Mr. Franqui is also under a sentence of death for the 1991 murder of Raul Lopez. *Franqui v. State*, 699 So.2d 1312 (Fla. 1997).

1

Having exhausted the state court postconviction process, Petitioner filed a petition for writ of habeas corpus by a person in state custody with this Court on September 19, 2007. [DE 1]. On July 10, 2008, the Court denied relief on all claims. [DE 12]. In its Order, the Court found that certain ineffective assistance of counsel claims were procedurally barred; however, the Court also considered the merits of each sub-claim and found them to be without merit. (*See* [DE 12] at 24-37). Petitioner sought appellate review from the United States Court of Appeals for the Eleventh Circuit, but the Court denied his request for a certificate of appealability. [ DE 43]. Petitioner then sought certiorari review from the United States Supreme Court. The writ for certiorari was denied on January 18, 2011. [DE 48]. Three and a half years later the Petitioner filed a motion requesting relief from judgment pursuant to Rule 60(b). [DE 53]. The State responded, but the Court denied the motion when it was discovered that the motion was filed by an attorney who was not admitted to practice in the Southern District of Florida. [DE 58]. The denial was without prejudice so that the motion could be re-filed by an attorney admitted to practice before the Court. *See id.* On October 20, 2014, Petitioner filed a Rule 60(b) Motion seeking relief from judgment pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Travino v. Thaler*, 133 S.Ct. 1911 (2013) . [DE 61]. The Court, accepting Petitioner's legal arguments and factual assertions as true, denied the motion because "[e]ven if the Petitioner were to be granted Rule 60(b)(6) relief, the only relief he would receive would be the equitable remedy of having any procedurally barred ineffective assistance of counsel claims heard on their merits. The Petitioner's ineffective assistance of counsel claims have been heard on their merits and were denied six years ago." [DE 66].

Now, the Petitioner seeks a certificate of appealability for two issues: (1) whether "[r]easonable jurists may find that the Court's alternative merits findings in its 2008 order cannot

be upheld where the Court failed to conduct a *de novo* review of Mr. Franqui's *Strickland* claims for post-conviction relief; and (2) whether "[j]urists of reason could disagree regarding the applicability of *Martinez* and *Trevino* to overcome a procedural bar to consider the merits of a claim brought under *Atkins v. Virginia*, 536 U.S. 304 (2002)." ([DE 69] at 5&8). Because neither of these issues are debatable among jurists of reason, the Court denies the Application for a Certificate of Appealability.

*Analysis*

In order to grant Petitioner's application, the Court must find that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). After careful review, the Court is not persuaded that Petitioner has met this standard.

*Martinez* excuses a state procedural default when post-conviction counsel fails to assert a claim of ineffective assistance of counsel at the first opportunity that post-conviction counsel had to do so in the state courts. This exception simply provides equitable relief to a federal habeas petitioner seeking a merits review of procedurally defaulted ineffective assistance of counsel claims. Implicit in the holding is that the claims at issue were procedurally defaulted by the state court and not reviewed on their merits in federal court.

Here, in denying the Petitioner's Rule 60(b) Motion, the Court reviewed Petitioner's claims on the merits. [DE 66]. Petitioner has therefore already received the relief prescribed by *Martinez*–a merits review by a federal habeas court of a procedurally defaulted ineffective assistance of trial counsel claim.

3

Petitioner's current argument regarding a *de novo* review of his *Strickland* claims was not made in his Rule 60(b) Motion.[3] It presumes, without substantiating, that the Court did not conduct a *de novo* review of his ineffective assistance of counsel claims when those claims were denied in 2008. Petitioner argues that the Court gave his ineffective assistance of trial counsel claims a "deferential merits review" when the claims should have been given a "*de novo* review." ([DE 69] at 5). This argument is inconsistent with *Martinez*.

If the state courts reviewed Petitioner's ineffective assistance of counsel claims and denied them on their merits (a determination that the Court gave a "deferential merits review"), Petitioner has not raised a *Martinez* claim. Alternatively, if the Court did not conduct a "deferential merits" review but denied the claims on their merits conducting a *de novo* review, Petitioner has not raised a *Martinez* claim. One way or another, *Martinez* does not apply, and Rule 60(b) relief was properly denied. The Court find that jurists of reason would not disagree with this determination.

Further, the United States Court of Appeals for the Eleventh Circuit has previously denied a certificate of appealability on issues similar to those raised here by Mr. Franqui. Specifically, it denied an application for certificate of appealability where the district court previously denied habeas relief and found that the petitioner's ineffective assistance of counsel claims were unexhausted or otherwise procedurally barred in state court but "also found that all of his claims were without merit." *See Griffin v. Sec'y, Dep't of Corr.*, No. 14-14851. A

---

[3] Petitioner also raises variations of this argument, including that the Court was never "presented with Mr. Franqui's *fully investigated and developed Strickland* claims" and "this Court *improperly deferred* to the state court's denial of Mr. Franqui's *Strickland* claims even though the state court did not adjudicate the merits of all of Mr. Franqui's *Strickland* claims." ([DE 69] at 5-7) (emphasis added). Neither of these arguments implicate *Martinez*.

4

certificate of appealability was denied in *Griffin* because "*Trevino* does not raise even an arguable ground for revisiting the district court's decision on the merits of Defendant's claims." As in *Griffin*, this Court reviewed and denied Mr. Franqui's ineffective assistance of counsel claims on the merits. As evidenced by the denial of a certificate of appealability in *Griffin*, jurists of reasons would not disagree that such a merits determination precludes Rule 60(b) relief based on *Martinez v. Ryan* and *Travino v. Thaler*.

Finally, in an effort to apply the equitable principles of *Martinez* to claims other than those of ineffective assistance of counsel, such as *Atkins v. Virginia* claims, ([DE 69] at 8), Petitioner asserts that "logic dictates that other constitutional rights that only a habeas petitioner could raise for the first time raise [sic] in collateral proceedings are equally bedrock." ([DE 61] at 12). However, the text of *Martinez* expressly forbids such an application:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. *It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial*, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez,* 132 S. Ct. at 1320 (emphasis added) (internal citations omitted). The limitations of *Martinez* remain clear: *Martinez* is limited to excuse a state procedural default when post-conviction counsel fails to assert a claim of ineffective assistance of counsel at the first opportunity that post-conviction counsel had to do so in the state courts. There is nothing to indicate that *Martinez* should be extended to any claims other than ineffective assistance of counsel claims. No jurists of reason would disagree.

*Conclusion*

For the foregoing reasons, it is ORDERED and ADJUDGED that Petitioner's Application for a Certificate of Appealability [DE 69] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 th day of July, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record